**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY JEROME WOMACK, | No. 10-17324 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01431-GEB-KJM |
| v. | |
| C. BAKEWELL; VU DUC, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

California state prisoner Rodney Jerome Womack appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his need for adequate pain medication for his ankle.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to exhaust administrative remedies, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010), and we affirm.

The district court properly dismissed Womack's action because Womack failed to exhaust his administrative remedies before filing suit and to provide sufficient evidence showing that administrative remedies were effectively unavailable to him. *See id*. at 821-22 (prisoners must exhaust administrative remedies in compliance with prison procedures and deadlines before filing suit unless such remedies are "effectively unavailable").

We do not consider Womack's allegations concerning defendants' alleged denial of a wheelchair, crutches and cane because Womack failed to include such allegations in his operative complaint. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The district court did not abuse its discretion by failing to appoint counsel or an investigator for Womack where there were no exceptional circumstances warranting such appointment. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard of review and explaining the "exceptional circumstances" requirement).

Womack's request for appointment of an investigator, set forth in his reply brief, is denied.

**AFFIRMED.**